UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEILYX ABREU-GUERRERO,<br>Petitioner,<br>v.<br>CHRISTOPHER CHESTNUT,<br>Respondent. | No. 1:26-cv-06959-DAD-SCR<br><br>ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS AND DENYING PETITIONER'S MOTION FOR TEMPORARY RESTRAINING ORDER AS MOOT<br><br>(Doc. Nos. 1, 2) |

On August 31, 2026, petitioner filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 challenging his detention by United States Immigration and Customs Enforcement ("ICE"). (Doc. No. 1.) On that same day, petitioner filed a motion for temporary restraining order. (Doc. No. 2.) In his habeas petition, petitioner alleges that he has been detained for almost one month without notice of any change in circumstances which would justify his re-detention and without a custody re-determination hearing before a neutral adjudicator. (Doc. No. 1 at 2.) Petitioner further alleges that "respondent states that the Immigration Judge lacks jurisdiction to hear and grant [him] a bond hearing, because [he] is detained under 1225(b)." (*Id.* at 2.)

/////

/////

On September 1, 2026, the court set a briefing schedule as to petitioner's motion for temporary restraining order and directed respondent to address whether any provision of law or fact in this case would distinguish it from the circumstances addressed in several cited prior cases that this court has decided. (Doc. No. 4.) In that same order, the court directed if respondent opposed the court ruling on the underlying petition based on the current briefing before it, respondent was to so indicate in the opposition and provide substantive reasons in support of that position. (*Id.*) Further, the court directed respondent to include in any opposition the following information regarding the relevant detention authority: (1) the detention authority or authorities identified by or relied upon by the detaining agency at the time of detention; (2) whether respondent's counsel is aware of the detention authority or authorities identified by the agency at the time of detention; and (3) the source of any other proposed detention authority, including, for instance, a recent review of the detention's factual circumstances by respondent's counsel.

On September 2, 2026, respondent filed a response, presumably to both petitioner's motion for temporary restraining order and habeas petition. (Doc. No. 6.) Therein, respondent did not state an objection to the court ruling on the merits of the habeas petition. (*Id.*) Respondent maintains that 8 U.S.C. § 1225(b) governs petitioner's detention but acknowledges that the recent binding decision in *Rodriguez Vazquez v. Bostock*, 183 F.4th 1160 (9th Cir. 2026) holds that § 1226(a) governs petitioner's detention. (*Id.* at 1.) Respondent also acknowledges that petitioner was arrested for a theft related charge, but that charge was dismissed on August 24, 2026, such that petitioner is not subject to mandatory detention pursuant to § 1226(c)(1)(E).[1] (*Id.* at 1 n.1.) Finally, respondent argues that "[n]o statute or regulation requires the Department of Homeland Security ("DHS") to identify a specific detention statute when it first takes custody[,]"

[1] Respondent provided a copy of petitioner's criminal history report which purports to show that petitioner was arrested for misdemeanor theft on July 28, 2025, and that any charge stemming from that arrest was dismissed on August 24, 2026. (Doc. No. 6-2 at 5.) The provided report appears to be incomplete because it does not reflect when, if ever, petitioner was charged with theft, despite showing that a charge was dismissed. (*Id.*) Petitioner states in his motion for temporary restraining order that he does not have a criminal record (Doc. No. 2 at 3), and based on the report before the court, it is not obvious that petitioner was ever provided notice of a criminal proceeding pending against him.

of a person. (*Id.* at 1.) Rather, respondent argues, that the governing detention provisions "apply by operation of law to the facts and charges[.]" (*Id.* at 1.) Respondent states that petitioner was detained based on a determination that he is removable under the Immigration and Nationality Act ("INA") and that DHS was not required to specify at intake which detention subsection might govern his detention. (*Id.* at 2.)

Respondent's argument is troubling to the court. As the undersigned has previously observed, "in the undersigned's view, respondent's representation appears to confirm that it is engaging in *post hoc* rationalization as part of an unlawful 'detain first, justify later' approach to people's liberty." *Betancourt Ulloa v. Warden, California City Correctional Center*, No. 1:26-cv-03360-DAD-CKD, 2026 WL 2389805, at *3–4 (E.D. Cal. Aug. 17, 2026). Another district judge has succinctly explained the problem of agency *post hoc* rationalization as follows:

> As an initial matter, "courts may not accept . . . post hoc rationalizations for agency action." *Or. Nat. Desert Ass'n v. Bureau of Land Mgmt.*, 625 F.3d 1092, 1120 (9th Cir. 2010) (quoting *State Farm*, 463 U.S. at 50, 103 S. Ct. 2856). This "foundational principle of administrative law" "instills confidence that the reasons given" for agency action "are not simply convenient litigating positions." *Regents*, 591 U.S. at 23, 140 S. Ct. 1891. It also prevents agencies from "forcing both litigants and courts to chase a moving target," as DHS has attempted to do here. *Id.* Because DHS "must defend its actions based on the reasons it gave when it acted," its "belated justifications" are irrelevant.

*Garro Pinchi v. Noem*, 813 F. Supp. 3d 973, 1028–1029 (N.D. Cal. 2025).

Respondent's argument here exemplifies the moving target that a noncitizen must aim at and hit when they are detained without any agency determination regarding the relevant detention authority or the procedural due process that he or she may be entitled to. As noted above, respondent first maintains that petitioner is properly detained pursuant to 8 U.S.C. § 1225(b)(2). (Doc. No. 6 at 1.) If this were true, petitioner would be subject to mandatory detention during the pendency of his removal proceedings. *See Rodriguez Vazquez*, 183 F.4th at 1169 ("Unlike with detention under § 1226, detention under both § 1225(b)(1) and (2) is mandatory and affords no opportunity for release on bond.").

Respondent then acknowledges that pursuant to Ninth Circuit precedent, petitioner may not be detained pursuant to § 1225(b)(2) and is instead detained pursuant to § 1226(a). (Doc. No.

6 at 1.) As the Ninth Circuit has now explained in *Rodriguez Vazquez*, detention pursuant to § 1226(a) is discretionary. 183 F.4th at 1167. In this regard, DHS makes an initial custody determination, and the noncitizen may "seek bond hearings before an immigration judge (IJ) and further review in the Board of Immigration Appeals (BIA)." *Id.* Additionally, the Ninth Circuit has explained that "[a] § 1226(a) detainee will be released on bond if he demonstrates by a preponderance of the evidence that he is not a flight risk or a danger to the community." *Id.*

Respondent also suggests that petitioner may have been lawfully detained pursuant to § 1226(c)(1)(E) when he was re-detained on August 10, 2026, because he was arrested for a theft related charge over a year prior, on July 28, 2025, although respondent does not appear to argue that petitioner may currently be detained pursuant to § 1226(c). (Doc. No. 6 at 1 n.1.) If petitioner were detained pursuant to § 1226(c), he would have been entitled to request a *Matter of Jospeh* hearing at which he would have had the opportunity to demonstrate that he was not subject to mandatory detention. *See Jennings v. Rodriguez*, 583 U.S. 281, 289 n.1 (2018) (explaining that if a person believes he or she is not subject to § 1226(c), he or she may ask for a *Joseph* hearing).

According to respondents, during petitioner's three-week detention, he has been subject to three separate detention regimes: (1) mandatory detention pursuant to § 1225(b)(2); (2) mandatory detention pursuant to § 1226(c)(1)(E) with an opportunity to challenge his detention at a *Joseph* hearing; and (3) discretionary detention pursuant to § 1226(a) with a statutory right to both an initial custody determination and a custody re-determination before an IJ. Unsurprisingly, given petitioner's allegation that he is improperly detained pursuant to § 1225(b)(2), petitioner has not received any of the procedures that he would be entitled to if he were detained pursuant to § 1226(a) or § 1226(c).

It appears to this court that respondent attempts to evade review of petitioner's unlawful detention by arguing that petitioner was lawfully detained pursuant to an unknown detention authority to be determined at a later time. District courts have consistently granted habeas petitions where the agency engaged in similar *post hoc* rationalizations meant to justify an otherwise unlawful detention. *See Ledesma Gonzalez v. Bostock*, 808 F. Supp. 3d 1189, 1199

(W.D. Wash. 2025) (finding that the agency's decision to re-detain the petitioner absent "any deliberative process" was arbitrary and capricious and the absence of a "contemporaneous explanation" was fatal to the government's detention decision); *Lopez Benitez v. Francis*, 795 F. Supp. 3d 475, 486 (S.D.N.Y. 2025) (declining to credit the respondents' *post hoc* rationalization that the petitioner was detained pursuant to § 1225(b) when the record was clear that the petitioner was detained pursuant to § 1226(a) and ordering the petitioner's immediate release); *Rueda Torres v. Francis*, No. 25-cv-08408-DEH, 2025 WL 3168759, at *5 (S.D.N.Y. Nov. 13, 2025) (granting the petitioner's petition and rejecting the respondent's § 1226(c) argument as a *post hoc* rationalization). In light of the foregoing, the court declines to credit respondent's argument that DHS lawfully detained petitioner without determining the statute which authorized DHS to detain him in the first place. Any subsequent argument regarding detention authority is nothing more than a *post hoc* rationalization which this court may not consider.

Further, respondents' position that it need not determine the relevant detention authority at the time of detention would likely result in a due process violation in nearly every instance of detention. The applicable detention authority at the time of detention determines the statutory and regulatory process which a person is entitled to before and during his or her detention, and failure to provide the necessary process often results in a due process violation which renders detention unlawful. *See Martinez v. Barr*, 817 F. App'x 472, 472 (9th Cir. 2020) ("An agency's failure to follow its own regulations is not *per se* a violation of due process, but . . . constitutional rights are implicated 'when the agency's disregard of its rules results in a procedure which in itself impinged upon due process rights.") (quoting *Brown v. Holder*, 763 F.3d 1141, 1149 (9th Cir. 2014)) (cleaned up); *Hernandez v. Sessions*, 872 F.3d 976, 981 (9th Cir. 2017) ("[T]he government's discretion to incarcerate non-citizens is always constrained by the requirements of due process."); *Feng v. Lyons*, No. 1:26-cv-00235-DJC-SCR, 2026 WL 472635, at *1 (E.D. Cal. Feb. 19, 2026) ("[A] lengthy delay in providing the statutorily mandated bond hearing violates Petitioner's due process rights."); *Zavorin v. Wamsley*, No. 2:26-cv-00173-DGE, 2026 WL 309733, at *4 (W.D. Wash. Feb. 5, 2026) (finding that petitioner was entitled to certain procedural protections as described in 8 C.F.R. § 212.5(e)(2)(i) before his parole was revoked and

that his detention without those protections absent some urgent need violated due process); *Inestroza Carbajal v. Frazier*, No. 26-cv-02778-SJB, 2026 WL 1309265, at *2 (E.D.N.Y. May 12, 2026) (noting that regulations like those attendant to § 1226(a) exist "to ensure that the notion of fair play animating the Fifth Amendment is upheld") (cleaned up).

Finally, even if the court were to consider respondent's apparent justification for petitioner's detention, that he is inadmissible or deportable under the INA (Doc. No. 6 at 1), that determination is insufficient. Here, petitioner states that he entered the United States on December 6, 2022, was apprehended by the coast guard, detained for one day, and released on humanitarian parole with a Notice to Appear for removal proceedings. (Doc. No. 2 at 3.) Respondent does not contest these assertions. (*See* Doc. No. 6.) Moreover, respondent has attached to its response an unauthenticated copy of petitioner's Form I-213, which states that petitioner was issued a Form I-880 Notice to Appear for removal proceedings on December 6, 2022, that petitioner submitted a Form I-589 application for asylum on January 23, 2023, and that petitioner was provided a Form I-765 work authorization on December 1, 2023. (Doc. No. 6-1 at 2.) Thus, respondent's own evidence shows that DHS determined that petitioner may be inadmissible or deportable under the INA four years before he was re-detained on August 10, 2026. Accordingly, respondent's argument that petitioner was detained because DHS determined that he is inadmissible or removable under the INA appears disingenuous.

In light of petitioner's prior release from immigration detention on parole, petitioner was entitled to notice and pre-deprivation process prior to his re-detention. *See Rocha Chavarria v. Chestnut*, No. 1:25-cv-01755-DAD-AC, 2025 WL 3533606 (E.D. Cal. Dec. 9, 2025) (finding that the petitioner's prior release on parole by immigration authorities created a liberty interest in his continued release). Accordingly, pursuant to the court's reasoning in *Rocha Chavarria*, the court finds that petitioner is entitled to both his immediate release and an injunction that he may not be re-detained absent notice and a pre-detention hearing before an immigration judge.

For the reasons explained above,

1. Petitioner's petition for writ of habeas corpus (Doc. No. 1) is GRANTED as follows:

a. Respondents are ORDERED to immediately release petitioner Keilyx Abreu-Guerrero, A-File No. 240-366-650, from respondent's custody on the conditions, if any, he was subject to prior to his recent re-detention;

b. Respondent is ENJOINED AND RESTRAINED from re-detaining petitioner for any purpose, absent exigent circumstances, without providing petitioner notice and a pre-detention hearing before an immigration judge, at which hearing respondent will bear the burden to demonstrate that petitioner is a danger to the community or a flight risk by clear and convincing evidence;

2. Petitioner's motion for temporary restraining order (Doc. No. 2) is DENIED as having been rendered moot by this order granting habeas relief;

3. The Clerk of the Court is directed to serve a copy of this order on the California City Detention Facility; and

4. The Clerk of the Court is also directed to ENTER judgment in favor of petitioner and to close this case.

IT IS SO ORDERED.

Dated: **September 9, 2026**

Dale A. Drozd

DALE A. DROZD
UNITED STATES DISTRICT JUDGE